152 So. 64

CITY OF NATCHITOCHES v. I. D. NELKIN et al.

No. 32645.

Jan. 2, 1934.

Russell E. Gahagan, M. L. Dismukes, and S. R. Thomas, both of Natchitoches, for City of Natchitoches.

W. Peyton Cunningham, of Natchitoches, for I. D. Nelkin and others.

BRUNOT, Justice.

In this matter a writ of certiorari issued and, in response thereto, the judge has filed a return together with his reasons for judgment, and the issues presented by the application and the return are submitted for our consideration.

The city of Natchitoches, through its proper officials, adopted Ordinance No. 363, which prohibits and penalizes "gambling with cards for money" within the corporate limits of that city.

The city of Natchitoches has less than 5,000 population and, therefore, it could not avail itself of the provisions of Act No. 125 of 1920. The charter powers of the city are limited, and there is no contention that the power to prohibit and penalize gambling with cards for money can be found in its charter, but the city relies upon Act No. 17 of 1926 as a sufficient delegation of such power to maintain the validity of its ordinance.

The defendants are members of the Benevolent and Protective Order of Elks. They were charged, under the ordinance, with gambling with cards for money in the lodge rooms of the Elks' Home, within the corporate limits of the city of Natchitoches. They were tried in the city court, were found guilty, and were given an alternative sentence of fine or imprisonment. The case was appealed to the district court. Such appeals are triable de novo in the appellate court. On appeal, the validity of Ordinance No. 363 was questioned and the unconstitutionality of Act

No. 17 of 1926 was pleaded. The trial judge held Act No. 17 of 1926 to be broader than its title and, therefore, unconstitutional, and, for that reason, he avoided the conviction and sentence and discharged the accused.

Act No. 17 of 1926 is nothing more than a penal statute of the state. It does not pretend to delegate any power whatever to the city of Natchitoches; hence, the defendants are without interest in pleading the unconstitutionality of the act, and, as the city of Natchitoches was without power to pass its Ordinance No. 363, that ordinance is null and void. The convictions and sentences under it should be set aside and the defendants should be discharged.

For these reasons, in so far as the judgment of the district court decrees Act No. 17 of 1926 to be unconstitutional, it is avoided and reversed; but in all other respects it is affirmed, at relator's cost.